**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03232-RM-NYW

ANTOINE BRUCE,

    Plaintiff,

v.

CHARLES ALVAREZ,
R. GICONI, and
J. GARNER,

    Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

This civil action is before the court on the Motion for Appointment of Counsel filed on April 1, 2015 [#35],[1] the Motion to Stay filed by Plaintiff Antoine Bruce ("Plaintiff" or "Mr. Bruce") on April 13, 2015 [#38], and the Emergency Motion[2] filed on April 20, 2015 [#40], which were referred to this Magistrate Judge for consideration and disposition pursuant to the Order Referring Case entered on February 20, 2015 [#26] and the Memoranda dated April 1, 2015 [#36], April 13, 2015 [#39], and April 21, 2015 [#41]. In the Motion to Stay, Mr. Bruce requests that the court stay the pending action until the Motion for Appointment of Counsel [#35] is determined or until his competency is decided at an upcoming hearing. Defendants take no position with respect to the stay, except to state that they believe disposition of their pending

---

[1] The court notes that Mr. Bruce has already filed one Motion for Appointment of Counsel in this case, which was denied. [#17, #18].

[2] Other than the request for appointment of counsel, Plaintiff's Emergency Motion does not appear to seek any specific relief that is appropriately considered by this court. [#40].

Motion for Reconsideration related to whether Mr. Bruce may proceed *in forma pauperis* should be determined, regardless of whether the remainder of the case is stayed. [#46]. District Judge Daniel recently ordered a competency hearing for Mr. Bruce in his pending criminal action, Criminal Case No. 14-cr-00480-WYD. [#43-1].

This court held a status conference with Mr. Bruce and counsel for Defendants on April 28, 2015. During the status conference, the court inquired as to the timing of the competency evaluation and subsequent hearing. Based on representations of Defendants' counsel, it appears that the timing of such competency hearing will be based, in part, on the availability of bed space at an appropriate Federal Medical Center. After Mr. Bruce's transfer and evaluation, Judge Daniel will then conduct a competency hearing [#43-1 at 4].

Rule 17(c) of the Federal Rules of Civil Procedure provides that "a minor or an incompetent person who does not have a duly appointed representative may sue by a next of friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." While the court understands that Defendants are motivated to have their Motion for Reconsideration adjudicated, given the concerns regarding Mr. Bruce's competency, his ability to represent himself in this action, and the fact that Judge Daniel has already ordered a competency evaluation, this court finds that the most prudent course of action is to stay the consideration of Defendants' Motion for Reconsideration pending Mr. Bruce's competency evaluation and the subsequent determination of competency.

Therefore, IT IS ORDERED:

(1) Plaintiff's Motion to Stay [#38] IS GRANTED;

(2) This action is STAYED pending the outcome of Plaintiff's competency hearing in Criminal Case No. 14-cr-00480;

(3) Plaintiff's Motion for Appointment of Counsel [#35] is DENIED, with leave to refile only upon facts that were not presented in Plaintiff's original "'Emergency Motion' Motion for Expedited Ruling and Appointed Counsel";

(4) Plaintiff's Emergency Motion [#40] is DENIED, as it sets forth no discernible request for relief that is within this court's jurisdiction except a request for appointment of counsel;

(5) Counsel for Defendants is directed to file a Status Report no later than ten (10) days after Judge Daniel's ruling on competency in Criminal Case No. 14-cr-00480 or other evaluation and/or order determining Mr. Bruce's competency, whichever is earlier; and

(6) All current deadlines in the case are VACATED, including the deadline ordering Plaintiff to Show Cause, to be reset once the stay is lifted.

DATED: May 4, 2015                                       BY THE COURT:

                                                         s/ Nina Y. Wang
                                                         United States Magistrate Judge