**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03232-RM-NYW

ANTOINE BRUCE,

      Plaintiff,

v.

CHARLES ALVAREZ,
R. GICONI, and
J. GARNER,

      Defendants.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

      This civil action is before the court on Defendants Charles Alvarez, R. Giconi, and J. Garner's Motion for Reconsideration. [#27, filed March 9, 2015].[1]  This matter was referred to the undersigned Magistrate Judge pursuant to the Order Referring Case dated February 20, 2015 [#26] and the memorandum dated March 10, 2015 [#30].  This court has carefully considered the Motion, Plaintiff's filings, the entire case file, and the applicable case law.  For the reasons stated below, the Motion is GRANTED and Plaintiff is directed to remit the filing fee if he wishes to pursue the claims raised in this action.

---

[1] Where the court refers to the filings made in Electronic Court Filing ("ECF") system in this action, it uses the convention [#___].  When the court refers to the ECF docket number for a different action, it uses the convention [ECF No. ___].  In either case, the court identifies the page number as assigned by the ECF system.

**BACKGROUND**

Plaintiff Antoine Bruce ("Plaintiff" or "Mr. Bruce") is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the United States Administrative Maximum Penitentiary in Florence, Colorado.  On November 26, 2014, Plaintiff initiated this action by filing *pro se* a Prisoner Complaint.  [#1].  On January 25, 2015, the court granted Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915.  [#11].

Defendants filed the pending Motion for Reconsideration on March 9, 2015, asking the court to reconsider its Order allowing Plaintiff to proceed *in forma pauperis* on the basis that Plaintiff has accrued "three strikes" in prior litigation, as defined under 28 U.S.C. § 1915(g). [#27].  Plaintiff filed a Motion for Appointment of Counsel on April 1, 2015.  [#35].

Upon review of the instant Motion, the court confirmed that Plaintiff is subject to filing restrictions pursuant to 28 U.S.C. § 1915(g).  This court thereafter issued an Order to Show Cause, vacating the January 25, 2015 Order granting Plaintiff leave to proceed pursuant to § 1915 and directing Plaintiff to show cause, on or before May 1, 2015, why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because: (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it is frivolous or failed to state a claim; and (2) he fails in the Amended Complaint to establish that he is under imminent danger of serious physical injury ("Order to Show Cause").  [#37].

One week later, on April 13, 2015, Plaintiff filed an "Emergency Notification and Motion for Help," which the court interpreted as a Motion to Stay the action ("Motion to Stay").  [#38]. Attached to the Motion to Stay are two exhibits from a criminal matter before another court in

this District in which Mr. Bruce is the named Defendant.  *See US v. Antoine Bruce*, 1:14-cr-00480-WYD (D. Colo.) ("Criminal Matter").  The exhibits indicated that Mr. Bruce had moved, through his counsel in that matter, for a competency evaluation at a neutral medical facility. [#38 at 5].[2]  In the Motion to Stay, Mr. Bruce asked the court to stay this action until his Motion for Appointment of Counsel pending before the undersigned was determined or until his competency was decided in the Criminal Matter.  [#38].  Plaintiff then filed an "Emergency Motion" on April 20, 2015, in which he stated generally that he has been "sexually assaulted and refused his medications by Defendants, agents, and all those in concert and participation with them," and "is in imminent danger of serious and irreparable injury/harm."  [#40 at 1].

On April 28, 2015, this court held a Status Conference at which the undersigned directed Plaintiff to file a response to the Order to Show Cause, directed Defendants to file a response to the Motion to Stay, and discussed the timeline for completion of Plaintiff's competency examination.  [#45].  On May 4, 2015, Defendants filed a Response to the Motion to Stay, stating they took no position as to the relief requested.  [#46].  This court then issued an Order in which it denied the Motion for Appointment of Counsel "with leave to refile only upon facts that were not presented" in that Motion, denied the Emergency Motion on the basis that it "set[] forth no discernible request for relief that is within this court's jurisdiction except a request for appointment of counsel," and granted the Motion to Stay "pending the outcome of Plaintiff's competency hearing in Criminal Case No. 14-cr-00480."  [#47].

---

[2] The Honorable Wiley Y. Daniel granted Mr. Bruce's motion for competency evaluation on April 23, 2015.  *See US v. Bruce*, 14-cr-00480, [ECF No. 22] (D. Colo. April 23, 2015). However, it appears that the competency evaluation and determination by Judge Daniel has not been completed to date.

To date, this court has no indication that Plaintiff has undergone a competency evaluation.  On September 3, 2015, Plaintiff filed a "Notification to the Courts in Conjunction With Motion to Expedite Status Conference and Strike" ("Notification").  [#53].  On November 13, 2015, Plaintiff filed a Motion to Compel.  [#57].   On November 17, 2015, based on Plaintiff's continued and affirmative action—despite his previously requested stay—this court directed Plaintiff to file "a notice on or before December 4, 2015 should he object to the court vacating the stay currently imposed in this matter and proceeding with the administration of this case prior to the outcome of a competency hearing."  [#60].  On November 30, 2015, Plaintiff filed an "Emergency Notice to the Court and Motion for (TRO) and/or Preliminary Injunction, In Conjunction with Motion for Appointment of Counsel," in which he stated his lack of objection to the court lifting the stay.  [#61].  Therefore, this court concludes that the appropriate course of action at this time is to **VACATE** the current stay and proceed with its consideration of the Motion for Reconsideration filed by Defendants.

## ANALYSIS

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration.  Because the United States seeks reconsideration of a non-final order, its motion falls within the plenary power of the court to revisit and amend interlocutory orders when justice so requires.  *Zeller v. Ventures Trust 2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2015 WL 4743191, at *1 (D. Colo. Aug. 11, 2015); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all

the parties' rights and liabilities."). Courts in this district have applied different standards on motions for reconsideration of non-final orders. *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC,* No. 06–cv–00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010) (listing cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). Nonetheless, the prevailing approach demonstrates that courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See James v. Dunbar*, No. 09–cv–02479-PAB, 2010 WL 3834335, at *1 (D. Colo. Sep. 27, 2010).

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Review of the court records attached to the Motion for Reconsideration indicates that Plaintiff, on three or more occasions, has brought an action that was dismissed on the grounds that it failed to state a claim or was frivolous. *See Bruce v. Coulter, et al.*, No. 14-cv-00210-LTB (D. Colo. Apr. 23, 2014) (dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)); *Bruce v. Denney*, No. 14-cv-03026-SAC (D. Kan. Apr. 2, 2014) (dismissed for failure to state a claim and as legally frivolous); *Bruce v. C. Wilson, et al.*, No. 13-cv-00491-WJM-CBS (D. Colo. Nov. 4, 2013) (dismissal pursuant to Fed. R. Civ. P. 12(b)(6)).  Therefore, Mr. Bruce is subject to the plain terms of 28 U.S.C. § 1915(g).

Under that section, Mr. Bruce is entitled to proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Because Mr. Bruce is proceeding *pro se*, the court liberally construes and accepts as true his allegations in determining

whether he has alleged the threat of such harm.  *See Martinez v. Garden,* 430 F.3d 1302, 1304

(10th Cir. 2005).  This court's analysis, however, focuses of the allegations made by Plaintiff in

his operative First Amended Complaint against the named Defendants in this action. [#8].

   This court previously found in the Order to Show Cause that Plaintiff had not alleged that

Defendants posed the necessary danger and vacated the January 25, 2015 Order granting Plaintiff

leave to proceed pursuant to § 1915.  [#37].  Indeed, in his First Amended Complaint, Plaintiff

does not assert Defendants' actions are the cause of any imminent danger of serious physical

injury.  The First Amended Complaint asserts two claims for use of excessive force in violation

of the Eighth Amendment.  [#8].  Plaintiff claims he is mentally ill and suicidal, complains of

complications resulting from "chemical agents" used to restrain him, and describes various

incidents where Defendants have restrained him dating from September 2013.  [*Id.*; *see also* #9].

Plaintiff does not, however, articulate imminent danger of serious physical injury.  This court

instructed in the Order to Show Cause that Plaintiff must provide "specific fact allegations of

ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of

imminent serious physical injury."  [#37] (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th

Cir. 2003) (emphasis added)).  He was further put on notice that vague or conclusory allegations

of harm are insufficient.  [*Id.*] (citing *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir.

1998)).  Because Plaintiff is subject to § 1915(g) filing restrictions, all of his claims must contain

specific factual descriptions that would support a violation of his constitutional rights and state

why he currently is in danger of imminent serious physical injury.

   In the Emergency Motion filed April 20, 2015, Plaintiff states, "he should not be denied

informa pauperis pursuant to 28 U.S.C. § 1915. If Plaintiff do not satisfy his burden proving that

he should be entitled to proceed pursuant to 28 U.S.C. § 1915, then plaintiff will not only not file anymore lawsuits but plaintiff will also commit suicide for this courts satisfaction [sic]." [#40 at 2]. In the Notification filed September 3, 2015, Plaintiff states, in response to the Order to Show Cause, that he believes he has made the requisite showing of imminent serious physical injury, though he does not provide additional factual support for such a finding. [#53 at 3-4]. He further states that he does "not know how to present to the courts specific factual descriptions that would support a violation of his constitutional rights." [*Id.* at 4]. The court notes that it does not seek a legal argument, but sufficient facts[3] that demonstrate that Mr. Bruce is threatened with imminent serious physical injury resulting from the Eighth Amendment violations pled in this case.

Plaintiff referred to the Order Drawing Case [#12] for support that his claims are meritorious. However, the Order Drawing Case merely concluded the initial screening process as provided for in 28 U.S.C. § 1915(e)(2), and the statement by the Honorable Gordon P. Gallagher that the "case does not appear to be appropriate for summary dismissal" is not a finding that Plaintiff has alleged imminent serious physical injury. While Mr. Bruce points to his own mental state as support for his claim that he has appropriately alleged imminent serious physical injury to justify *in forma pauperis* status, "untreated psychological condition[s] do[] not meet the imminent danger exception," *Custard v. Allred*, No. 13–cv–02296–BNB, 2013 WL 6283962, at *2 (D. Colo. December 4, 2013) (citation omitted); and a plaintiff's allegations that he may commit suicide are similarly insufficient to the extent they describe only possible future

---

[3] Indeed, Mr. Bruce has been the named plaintiff in multiple lawsuits and recently described, in another lawsuit pending before this court, imminent serious physical injury with sufficient particularity as to qualify for § 1915 status as to one of his claims. *See Bruce v. Osagie*, 14-cv-02068-RM-NYW [ECF No. 42] (D. Colo. July 6, 2015).

harm. *See Cooper v. Bush*, No. 3:06-cv-653-J-32TEM, 2006 WL 2054090, at *1 n.3 (M.D. Fla. July 21, 2006) (citation omitted). The court also considered Plaintiff's most recent filings as responses to the court's Order to Show Cause [#57, #61], but a prisoner cannot "create the 'imminent danger' required by § 1915(g) by commencing a hunger strike." *See* [#61 at 8]. *See Williams v. Capps*, No. 15-CV-708-JPG, 2015 WL 4498775, at *3 (S.D. Ill. July 23, 2015) (citing consistent holdings from other courts nationwide).

Therefore, this court finds that Plaintiff has not demonstrated good cause to support discharging the Order to Show Cause. This court further finds that Plaintiff has initiated three or more actions that count as strikes pursuant to § 1915(g) and that he is not under imminent danger of serious physical injury based on the alleged actions of the remaining Defendants.[4] Pursuant to 28 U.S.C. § 1915(g), he is, therefore, precluded from bringing the instant action *in forma pauperis*. *See Hatten v. Andert*, No. 10–cv–00601–CMA, 2010 WL 4054185 (D. Colo. October 14, 2010) (granting defendants' motion for reconsideration of order granting prisoner plaintiff leave to proceed pursuant to 28 U.S.C. § 1915 based on the three strike rule and plaintiff's failure to allege imminent danger of serious physical injury). Plaintiff may pursue the claims in his First Amended Complaint by remitting the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a).

Accordingly,   **IT IS ORDERED** that:

1. The stay of this action imposed by the Order dated May 4, 2015 [#47] is **VACATED**;

2. The Motion for Reconsideration [#27] is **GRANTED**;

---

[4] Indeed, the Honorable Lewis T. Babcock found in *Bruce v. Coulter*, 14-cv-00210-LTB [ECF 14] (D. Colo. April 23, 2014), that Mr. Bruce's claims were not credible, that Mr. Bruce had filed a certain motion "with malicious intent," and that Mr. Bruce was engaging in abusive litigation. [#27-4]. Judge Babcock also placed Mr. Bruce on notice that should he submit "false allegations in any future action in this Court he will be subject to filing restrictions." [*Id.* at 5].

3.  No later than **January 15, 2016**, Plaintiff Antoine Bruce shall make payment of the $350 filing fee owed in the matter captioned 14-cv-03232-RM-NYW to the Clerk of the Court for the United States District Court for the District of Colorado.  Failure to make this payment will result in this court issuing a Recommendation that this action be dismissed; and

4.  The only proper filing at this time is the payment of the $350.00 filing fee, and Defendants are not required to respond to the pending motions [#57, #61] until and unless the $350 filing fee is made by Plaintiff within the time period set forth herein.


DATED: December 16, 2015                          BY THE COURT:


                                                  s/Nina Y. Wang_____
                                                  United States Magistrate Judge